EDWARDS ANGELL PALMER & DODGE LLP
Andrew Fishkin (AF7571)
750 Lexington Avenue
New York, New York 10022
(212) 308-4411
*Attorneys for Plaintiff Alliance Continental Leasing LLC*



JAN 3 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ALLIANCE CONTINENTAL LEASING LLC,

    Plaintiff,

v.

PRIMA CHARTER Sp. z. o. o.,

    Defendant.

Civil Action No:  JUDGE RAKOFF

08 CV 1027

**COMPLAINT**

---

Plaintiff Alliance Continental Leasing LLC ("Alliance"), by its attorneys, Edwards Angell Palmer & Dodge LLP, as and for its Complaint against Defendant Prima Charter Sp. z. o. o. ("Prima"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff Alliance seeks (i) money damages and other relief arising out of Defendant Prima's breach of an aircraft lease agreement (the "Lease") between the parties and (ii) judgment declaring that Alliance is entitled to retain non-refundable deposits made by Prima under the Lease and certain lease proposals between the parties.

## THE PARTIES

2. Plaintiff Alliance is a Delaware limited liability company with its principal place of business in Canfield, Ohio.

3. Defendant Prima is a corporation organized under the laws of the Republic of Poland with its principal place of business in Warsaw, Poland.

## JURISDICTION AND VENUE

4. The United States District Court for the Southern District of New York has subject matter jurisdiction over this action under 28 U.S.C. §1332(a) in that the matter in controversy exceeds $75,000 exclusive of interest and costs, and is between a citizen of a state and a citizen of a foreign state.

5. Venue in this District is proper in that Prima "irrevocably and unconditionally" submitted to "the non-exclusive jurisdiction of any New York State or federal court sitting in the City and County of New York . . . in any action or proceeding arising out of or relating to [the] Lease. . . ." Lease at ¶ 15.8(b).

## STATEMENT OF FACTS

6. Alliance is in the business of renting and leasing aircraft and related equipment.

7. Prima is a chartered transportation company that provides tourist flight services in Poland.

8. On or about April 18, 2007, Prima accepted a Lease Proposal from Alliance for two Boeing 757-200 aircraft. In accordance with the terms of the Lease Proposal, with its acceptance, Prima paid Alliance two non-refundable cash retainer deposits of $250,000 each to compensate Alliance for its time and efforts sourcing and acquiring aircraft compliant with Prima's requirements.

9. The cash retainer deposits were non-refundable except to the extent Alliance did not approve the transaction or the aircraft were not compliant with Prima's requirements and Alliance was unable to provide substitute aircraft that were compliant.

10. Alliance located two aircraft that it eventually determined did not meet Prima's needs, as they were not ETOPS (Extended Range Twin Engine Operations) compliant, which would prohibit operation of the aircraft in Europe. Beyond that, it turned out that one of the aircraft could not be released from its current contract.

11. Accordingly, pursuant to its obligations under the Lease Proposal, Alliance provided Prima the opportunity to lease substitute aircraft, which Prima declined to do.

12. Meanwhile, Alliance and Prima began discussions regarding the lease of another aircraft.

13. On June 14, 2007, in contemplation of this second lease transaction with Prima, Alliance offered to purchase a 1988 B757-236 aircraft, serial no. 24121, with two Rolls Royce model RB211-535E4-37 engines (the "Aircraft"), from AeroTurbine, Inc.

14. On June 26, 2007, Alliance provided Prima with a Lease Commitment outlining "the parameters" under which Alliance would lease the Aircraft to Prima. The Lease Commitment stated, <u>inter alia,</u> that the lease would be for a term of forty-eight (48) months, at a monthly rental payment of $215,000, and that upon execution of a formal lease agreement, Prima would be required to pay a $750,000 security deposit to Alliance. Contemporaneous with the issuance of the Lease Commitment, Alliance provided Prima with a Lease Proposal reflecting these terms.

15. On or about July 27, 2007, Prima accepted the Lease Proposal from Alliance for a Boeing 757-200 aircraft, more generally described in the proposal. In accordance with the terms

of the Lease Proposal, with its acceptance, Prima paid Alliance a non-refundable cash deposit of $250,000 intended to compensate Alliance for its time and efforts in sourcing and acquiring an aircraft compliant with Prima's requirements.

16. The cash deposit was non-refundable except in the event that Alliance did not approve the transaction. In fact, Alliance had already provided Prima with a Lease Approval and Confirmation on July 20, 2007.

17. On information and belief, following Alliance's extension of the Lease Commitment, Prima attempted to acquire the Aircraft from other sources, including from AeroTurbine directly, on more favorable terms.

18. At that time, Prima also began to try and delay consummation of the Lease transaction with Alliance. For example, Prima demanded that Alliance immediately fund a non-refundable $1,000,000 deposit required under the agreement between Alliance and AeroTurbine.

19. Given its concerns about Prima's willingness to proceed with a lease transaction with Alliance under the terms described in the Lease Commitment and Lease Proposal, Alliance was unwilling to make the deposit demanded by Prima. Alliance advised Prima that it would be "foolish" for Alliance to make a non-refundable $1,000,000 deposit for the Aircraft without "the full understanding, and deposits required from PRIMA . . . . necessary to facilitate [Prima's] . . . direct lease obligations with Alliance . . . ."

20. Following further discussions with Prima, which provided Alliance comfort that Prima would proceed to lease the Aircraft from Alliance, on July 30, 2007, Alliance executed the Purchase and Sale Agreement ("PSA") with AeroTurbine, Inc. (as owner) (and Wells Fargo Bank Northwest, N.A. as seller) to purchase the Aircraft for $16,500,000.

21.    Thereafter, Alliance and Prima formally executed the Lease, dated as of August 8, 2007. The Lease was for forty-eight (48) months, from August 20, 2007 to August 20, 2010, at a base monthly rental payment of $215,000.

22.    The Lease stated, however, that Alliance was "not" required to "deliver and start the leasing of the Aircraft under [the] Lease unless each of the Conditions Precedent" to the Lease were "satisfied." ¶ 3.1. Among the Conditions Precedent was that Prima pay "all sums due to [Alliance] under [the] Lease on or before the Delivery Date." Schedule 3, ¶ 1.

23.    Included within the sums due and owing to Alliance under the Lease on or before the Delivery Date were a security deposit in the amount of $750,000 and a maintenance reserve deposit in the amount of $150,000. Prima paid the latter, but failed and refused to pay the security deposit to Alliance.

24.    Prima's failure and refusal to pay the $750,000 security deposit to Alliance on or before the Delivery Date constituted an Event of Default under the Lease. Schedule 9, ¶ (a).

25.    The Lease provided that where an Event of Default occurred, Alliance could, inter alia, "proceed by appropriate court action . . . to recover damages for the breach of [the] Lease," (¶ 13.2(b)), including for all losses, including lost profits, Alliance sustained by reason of the default. ¶ 13.3.

26.    In addition to its losses, including lost profits by reason of Prima's default under the Lease, Alliance is also entitled to recover all "sums" it "expend[s]," including "all costs and expenses (including legal costs)," arising out of Prima's default. ¶ 15.5 (parenthetical in original).

27.    Given Prima's delays leading up to the Lease, and its eventual failure and refusal to make the $750,000 deposit due and owing under the Lease, in breach of the Lease, Alliance

was unable to proceed to acquire the Aircraft from AeroTurbine/Wells Fargo, and the Aircraft was sold to another party.

28. Despite its default under the Lease, and notwithstanding the terms of the Lease Proposals and the Lease with respect to security and maintenance reserve deposits, Prima has made repeated demands that Alliance return the three (3) non-refundable security deposits Prima made under the Lease Proposals and the non-refundable maintenance reserve deposit made by Prima under the Lease.

29. Alliance has properly refused to return these deposits, as they were non-refundable under the Lease Proposals and the Lease.

## COUNT I
## BREACH OF CONTRACT

30. Plaintiff repeats and realleges each of the foregoing paragraphs of the Complaint.

31. Prima breached the Lease by, inter alia, failing to pay Alliance the $750,000 security deposit required under ¶ 5.1(a).

32. Prima's failure to pay the $750,000 deposit constituted an Event of Default under the Lease for which Alliance is now entitled to recover its damages, including its lost profits under the Lease, as well as its costs and expenses, including attorneys' fees, incurred by reason of Prima's Event of Default and breach of the Lease. Schedule 1 at 1-3; Schedule 9, ¶ (a).

33. As a direct and proximate result of Prima's breach of the Lease, Alliance has sustained damages in excess of $5,000,000, which are continuing, and has incurred costs and expenses, including attorneys' fees.

## COUNT II
## BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

34. Plaintiff repeats and realleges each of the foregoing paragraphs of the Complaint.

35. By reason of the foregoing, Prima breached the implied covenant of good faith and fair dealing owed to Alliance.

36. Alliance complied with all of its obligations under the Lease, including, inter alia, its obligation to provide substitute aircraft when compliant aircraft was unavailable.

37. As a direct and proximate result of Prima's conduct, as alleged, Alliance has sustained damages in excess of $5,000,000, which are continuing, and has incurred costs and expenses, including attorneys' fees.

## COUNT III
## DECLARATORY JUDGMENT

38. Plaintiff repeats and realleges each of the foregoing paragraphs of the Complaint.

39. Prima paid to Alliance security deposits for three (3) aircraft under two Lease Proposals totaling $750,000. Alliance performed the services for which the security deposits were made and, under the terms of the Lease Proposals, the security deposits were non-refundable.

40. Prima paid to Alliance the maintenance reserve deposit due under the Lease in the amount of $150,000. Alliance performed its obligations under the Lease.

41. Despite the foregoing, Prima has made repeated demands that Alliance return the security deposits, which Alliance has rightfully refused.

42. Despite the foregoing, Prima has made repeated demands for Alliance to return the maintenance reserve deposit, which Alliance has rightfully refused.

43. Despite the fact that the security deposits under the Lease Proposals and maintenance reserve deposit under the Lease were non-refundable, and, therefore, are not now owing to Prima, by reason of Prima's repeated demands for same, and Alliance's rightful refusal to comply with Prima's demands, an actual and justiciable controversy presently exists between Alliance and Prima concerning ownership of the aforementioned deposits.

44. Alliance is entitled to a judgment declaring that Alliance is the rightful owner of the deposits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Alliance demands judgment as follows:

(i) As for Count I, awarding Alliance damages in an amount in excess of $5,000,000 that it sustained by reason of Prima's breach of contract, including its fees (including attorneys' fees), expenses and costs, and prejudgment interest; and

(ii) As for Count II, awarding Alliance all damages in an amount in excess of $5,000,000 that it sustained by reason of Prima's breach of the implied covenant of good faith and fair dealing, including its fees (including attorneys' fees), expenses and costs, and prejudgment interest; and

(iii) As for Count III, awarding Alliance judgment declaring that the security deposits and maintenance reserve deposit made by Prima under the Lease Proposals and the Lease, respectively, are rightfully owned by Alliance; and

(iv)   As for all Counts, such other and further relief as this Court deems just and proper.

EDWARDS ANGELL PALMER & DODGE LLP

By: _____
Andrew Fishkin (AF7571)
*Attorneys for Plaintiff Alliance Continental Leasing LLC*

Dated: January 31, 2008

208782v7