EDWARDS ANGELL PALMER & DODGE LLP
Andrew P. Fishkin (AF7571)
Steven M. Lucks (SL2711)
750 Lexington Avenue
New York, New York 10022
(212) 308-4411
*Attorneys for Plaintiff Alliance Continental Leasing LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

| | |
|---|---|
| ALLIANCE CONTINENTAL LEASING LLC,  <br><br>Plaintiff,  <br><br>v.  <br><br>PRIMA CHARTER Sp. z. o. o.,  <br><br>Defendant. | Case No. 08 CV 1027 (JSR)  <br><br><br><br>**AFFIDAVIT OF JOHN C. GREEN IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

------------------------------------------

STATE OF OHIO            )
                         ) ss:
COUNTY OF MAHONING )

    JOHN C. GREEN, being duly sworn, deposes and says:

    1.    I am the Managing Director and CEO of Alliance Continental Leasing LLC ("Alliance") and have held this position since 2005. I submit this Affidavit in opposition to defendant Prima Charter Sp. z. o. o.'s ("Prima") motion to dismiss. I have personal knowledge of the facts set forth herein.

2. Alliance is in the business of renting and leasing aircraft and related equipment.

3. On or about April 18, 2007, Prima accepted a Lease Proposal from Alliance for two Boeing 757-200 aircraft. The Lease Proposal provided that with its "acceptance of [the] terms and conditions" of the Lease Proposal, Prima was obligated to pay Alliance a cash deposit of "$250,000 . . . Per Aircraft."

4. In accordance with the terms of the Lease Proposal, with its acceptance, Prima paid Alliance two cash retainer deposits of $250,000 each. The Lease Proposal stated that the deposits were non-refundable except in the event Alliance did not approve the lease transaction or was unable to provide aircraft compliant with Prima's requirements.

5. After Alliance initially located two aircraft that did not meet Prima's needs, Prima refused Alliance's offer to lease substitute aircraft that were compliant with Prima's requirements.

6. Around the time Prima refused Alliance's offer to lease compliant aircraft under the Lease Proposal, Alliance and Prima engaged in discussions regarding the lease of another aircraft.

7. On June 14, 2007, in contemplation of this "new" lease transaction with Prima, Alliance offered to purchase a 1988 B757-236 aircraft, serial no. 24121 (the "Aircraft"), from AeroTurbine, Inc.

8. On June 26, 2007, Alliance sent Prima a Lease Commitment outlining "the parameters" under which Alliance would lease the Aircraft to Prima. The Lease Commitment stated, inter alia, that the lease would be for a term of forty-eight (48) months, at a monthly rental payment of $215,000.

9. At the same time that it issued the Lease Commitment, Alliance also provided Prima a Lease Proposal for the Aircraft, which Prima accepted on or about July 27, 2007. The Lease Proposal memorialized that (i) the lease for the Aircraft would be for a term of forty-eight months, at a monthly rental payment of $215,000, (ii) a "cash retainer deposit" of "$250,000 . . . shall be due immediately and must be received by [Alliance] within Five business days of [Prima's] acceptance of the Lease Proposal," and (iii) "[u]pon execution of the formal lease agreements, [Prima] will pay [Alliance] a security deposit in cash equal to $750,000 USD."

10. Prima paid the $250,000 cash retainer deposit required under the "new" Lease Proposal and, as was the case under the earlier Lease Proposal, it was non-refundable except in the event Alliance did not approve the lease transaction or was unable to provide an aircraft compliant with Prima's requirements.

11. Following Prima's acceptance of the Lease Proposal, and Prima's payment of the $250,000 cash retainer deposit under it, Alliance sent Prima an Aircraft Lease Agreement to be executed by Prima. The Lease Agreement memorialized the terms under which Alliance would agree to lease the Aircraft to Prima, including that it was for a term of forty-eight months, at a base monthly rental payment of $215,000, and confirmed, at ¶5.1, that Prima had not paid the $750,000 "security deposit" required under the Lease Agreement and referenced in the Lease Proposal. The Lease Agreement stated: "Lessee shall pay Lessor a Security Deposit, equal to $750,000.00 USD."

12. Prima executed and returned to Alliance a different version of the lease agreement that, contrary to the parties' agreement, and the facts, purported to memorialize that the $750,000 security deposit required under the Lease Agreement had been paid, which was of course untrue. Although Prima had made payments to Alliance totaling $750,000 to that date, the payments

were for the three non-refundable $250,000 deposits Prima paid Alliance under the two Lease Proposals; the payments were unrelated to the security deposit required under the Lease Agreement.

13. I received and reviewed this adulterated version of the Lease Agreement returned by Prima and, in my own handwriting, struck the inaccurate language it contained in ¶5.1 in order to properly reflect the parties' agreement and that Prima had *not* paid the $750,000 security deposit owed under the Lease Agreement. Alliance thereafter forwarded that Lease Agreement (hereinafter, the "Lease") to Prima who accepted it without objection.

14. I reviewed Prima's motion to dismiss Alliance's Complaint, including the Declaration of its counsel, Kim F. Bridges and the documents annexed thereto, including the "lease agreement" annexed as exhibit C. I was never before presented with that "lease agreement" and I most certainly never signed it.

15. Under the parties' Lease, Alliance was "not" required to "deliver and start the leasing of the Aircraft . . . unless each of the Conditions Precedent" to the Lease were "satisfied." Among the "Conditions Precedent" was that Prima pay "all sums due to [Alliance] under [the] Lease on or before the Delivery Date." Among the sums due and owing to Alliance under the Lease on or before the Delivery Date was the security deposit in the amount of $750,000.

16. Despite the terms of the Lease, Prima failed and refused to pay the $750,000 security deposit due and owing to Alliance. Prima's failure and refusal to pay that sum constitutes an "Event of Default" under the Lease, and the Lease provides that where an Event of Default occurs, Alliance can "proceed by appropriate court action . . . to recover damages for the breach of [the] Lease," including for all losses, including lost profits, Alliance sustained by reason of the

default as well as all "sums" Alliance "expend[s]," including "all costs and expenses (including legal costs)" arising out of Prima's default.

17. Alliance brought this action to recover its damages, including its lost profits, arising from Prima's breach of the Lease.

_____
John C. Green

Sworn to before me this 26th day of March, 2008

_____
Notary Public

SHARI L. CLARK
MY COMMISSION # DD 361830
EXPIRES: November 14, 2008
Bonded Thru Notary Public Underwriters

Andrew P. Fishkin (AF7571)
Steven M. Lucks (SL2711)
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-4411
*Attorneys for Plaintiff Alliance Continental Leasing LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------- :
                                      :
ALLIANCE CONTINENTAL LEASING          :
LLC,                                  : Case No: 08 CV 1027 (JSR)
                                      :
            Plaintiff,                :
                                      :
v.                                    :
                                      :
PRIMA CHARTER Sp. z. o. o.,           :
                                      :
            Defendant.                :
                                      :
------------------------------------- :

## CERTIFICATE OF SERVICE

I certify that I have on this 27th day of March 2008 served the attached Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Declaration of Steven M. Lucks dated March 27, 2008 with exhibits thereto, and Affidavit of John C. Green in Opposition to Defendant's Motion to Dismiss dated March 26, 2008, upon:

    Paul D. Sarkozi, Esq.
    Kim F. Bridges, Esq.
    HOGAN & HARTSON LLP
    875 Third Avenue
    New York, New York 10022
    Attorneys for Defendant Prima Charter Sp. z. o. o.

by causing true and correct copies to be delivered by hand.

Dated: New York, New York
       March 27, 2008

                    **EDWARDS ANGELL PALMER & DODGE LLP**

                    /s/ Steven M. Lucks
                    Andrew P. Fishkin (AF7571)
                    Steven M. Lucks (SL2711)
                    750 Lexington Avenue
                    New York, NY 10022-1200
                    (212) 308-4411
                    (212) 308-4844

                    *Attorneys for Plaintiff Alliance Continental Leasing LLC*